IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

BENNY EBERHARDT,                )
                                )
               Plaintiff,       )
                                )
     v.                         )      No.  09 C 2394
                                )
CIRCUIT COURT OF COOK COUNTY,   )
et al.,                         )
                                )
               Defendants.      )

                        MEMORANDUM ORDER

     Benny Eberhardt ("Eberhardt") has tendered a self-prepared

Complaint of Employment Discrimination brought against the

Circuit Court of Cook County[1] and several individuals, using the

form made available by this District Court's Clerk's Office for

use by such pro se filers and filling in the requested

information in handwriting.  Eberhardt has also accompanied his

Complaint with an In Forma Pauperis Application ("Application")

and a Motion for Appointment of Counsel ("Motion"), again using

Clerk-supplied forms for those purposes.  This Court has

previously issued an April 23, 2009 minute order that points out

the inadequacy of Eberhardt's showing of his asserted inability

to pay the $350 filing fee, but allows him until May 4 to provide

a more informative statement.

     Because Eberhardt's original submission of the Complaint and

its attachments contained some gaps--one important omission was

---

    [1] Eberhardt is employed as a Deputy Court Clerk there.

the noninclusion of his administrative Charge of Discrimination, even though Complaint ¶7.1(b) had stated erroneously that a copy of that Charge was attached to the Complaint--this Court's minute clerk communicated with Eberhardt asking that he flesh out the documentary support for what he has labeled as a Title VII claim. That request triggered Eberhardt's transmittal of a copy of the Charge and, most recently, a faxed package of papers that set out his grievances going back to March 2008 and running through this month, as well as including an April 21 turndown letter from a law firm declining Eberhardt's representation on a contingent fee basis.

What Eberhardt has now tendered really confirms what this Court's olfactory nerve had suggested from the outset, because Eberhardt's Complaint and accompanying narratives had contained no hint that would appear to justify his having placed an "x" in any of the three boxes that he marked up in Complaint ¶9, which provides for a plaintiff's self-designation of the actionable discrimination that he or she has assertedly suffered. Rather than discrimination based on "Age," "Race" and "Sex" as designated there by Eberhardt, what he has reflected instead are (1) a slip and fall that he sustained during working hours in March 2008 (and the workers' compensation documents stemming from that incident), (2) an assertion in January of this year that he has been denied family leave for a ten-year period and (3) a

complaint that doctors' statements he has submitted have continually been misplaced (this last was coupled with his statement about denial of family leave).

Efforts to gain access to the federal courts in forma pauperis are subject to being screened for frivolousness in the legal sense (see <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) and <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992)). Here it is plain that Eberhardt's employment in the state court system has not made him aware that employment discrimination in the federal sense does not encompass employment-oriented general grievances (however meritorious they may be, a matter on which this Court expresses no views here).

Nothing in the materials that Eberhardt has provided even hints at any federally actionable discrimination of any of the types he has checked off. Hence Eberhardt's Application is denied, and both the Complaint and this action are dismissed. This dismissal is of course without prejudice to Eberhardt's ability to assert whatever claims he feels he may have in a state court of competent jurisdiction.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: April 24, 2009

---

[2] Because of this disposition of Eberhardt's underlying claim, the Motion is denied as moot.

3